928 F.2d 1134
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald WILSON, Plaintiff-Appellant,
v.
Tom LAMB, et al., Defendants-Appellees.
 No. 90-5501.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 88-00060, Wilhoit, Jr., J.
 E.D.Ky.
 AFFIRMED.
 Before NATHANIEL R. JONES, Jr., and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is a contract case, filed in federal court on the basis of diversity of citizenship. The plaintiff, Donald Wilson, appeals a grant of summary judgment in favor of defendant Rexair, Inc., and two of its officers, defendants Tom Lamb and Lyle Freeland. Plaintiff Wilson, who had a distributorship agreement with Rexair, contends that there is a disputed issue of material fact as to whether Rexair acted from improper motives in terminating the distributorship. Finding that Mr. Wilson raised no factual issue that would preclude the entry of summary judgment against him, we shall affirm the judgment.
 
 
 2
 * Rexair manufactures the "Rainbow," a vacuum cleaner that is sold to distributors. The distributors are expected to market the cleaner and its accessories through home demonstrations. Rexair's distributorship agreements require that distributors (1) market Rexair products only in the geographic areas in which the distributor maintains service outlets; (2) train and supervise subdistributors employed by the distributor to ensure that they market Rexair products in accordance with the company's marketing policies; (3) submit written proof that Rexair products sold to the distributor are resold to customers through home demonstrations; and (4) obtain Rexair's permission before transferring ownership of the distributorship. Each distributorship agreement has a duration of one year, and each provides that the distributor may terminate the agreement without cause by giving Rexair 30 days written notice. Rexair, for its part, may terminate the agreement without cause by giving 90 days written notice.
 
 
 3
 Plaintiff Wilson, who had been a Rexair distributor since 1980, signed the standard-form agreement at issue in this dispute on January 1, 1987. His distributorship covered Eastern Kentucky and parts of Ohio and West Virginia. In the summer of 1987 Rexair came to believe that Mr. Wilson was violating the terms of agreement by selling Rainbows to an individual (a Mr. Lucas) who did not follow Rexair's marketing program. Rexair also received reports that Rainbows it sold to Mr. Wilson were being resold to customers in parts of the country where Wilson maintained no service outlets. On investigation of his weekly sales reports, Rexair discovered that Mr. Wilson had failed to submit some reports at all and that some which he had submitted contained false phone numbers, non-existent cities, and "customers" who said they had been asked to say that they had purchased a Rainbow when in fact they had not. Finally, Rexair learned that Mr. Wilson had apparently sold his distributorship to Mr. Lucas in May of 1987 without first obtaining Rexair's permission.
 
 
 4
 With this information at hand, Rexair gave notice on September 1, 1987, that the distributorship agreement would be terminated 90 days hence. Several months later Mr. Wilson brought the instant lawsuit, alleging breach of contract, tortious interference with contractual relations, and fraud. The district court (Wilhoit, J.) granted summary judgment in favor of the defendants on January 5, 1990. This appeal followed.
 
 II
 
 5
 We review a district court's grant of summary judgment de novo, viewing all facts and inferences in a light most favorable to the nonmoving party. Pachla v. Saunders Sys., Inc., 899 F.2d 496, 498 (6th Cir.1990).
 
 
 6
 Viewing Mr. Wilson's case in this light, we think that the defendants were entitled to summary judgment. Under the terms of the distributorship agreement, Rexair needed no reason for termination--and even if this had been an agreement that could only be terminated for cause, the undisputed facts suggest that Rexair had ample cause for termination. It is undisputed that Mr. Wilson failed to prevent Mr. Lucas and his associates from selling Rainbows in places such as Dallas, Atlanta, and Carson City, Nevada,--places far beyond Mr. Wilson's service outlets. The record also establishes, without contradiction, that Mr. Wilson failed to submit sales reports for many of the machines he resold to Mr. Lucas--and many reports that he did file contained false information.
 
 
 7
 Because it was not a breach of contract for Rexair to terminate the agreement, Mr. Wilson's claim for tortious interference also fails. Under the law of Kentucky, which governs this case, a breach of contract must occur before the plaintiff can recover for tortious interference. Carmichael-Lynch-Nolan Advertising Agency, Inc. v. Bennet & Assoc., Inc., 561 S.W.2d 99, 102 (Ky.Ct.App.1977). It was Mr. Wilson himself who committed the breach here, and his claims against Rexair and Messrs. Lamb and Freeland must therefore fail.
 
 
 8
 Finally, the district court properly granted summary judgment on the fraud claims. Mr. Wilson asserts that his distributorship would not have been terminated if Messrs. Lamb and Freeland had made it known to J.V. Sanders, Rexair's chief executive officer, that they planned to replace Mr. Wilson with Lamb's son-in-law. Under Kentucky law, a plaintiff alleging fraud must show, among other things, that he was injured as a result of an intentional misrepresentation. Godley v. Piedmont Land Sales, Inc., 505 F.Supp. 397, 402 (E.D.Ky.1978), aff'd, 640 F.2d 831 (6th Cir.1981). Mr. Wilson has not shown that his agreement was terminated as a result of any such misrepresentation.
 
 
 9
 Mr. Wilson placed over 800 pages of deposition testimony before the district court without any explanation, organization, or reference to relevant pages. He contends that this testimony created genuine issues of fact, but he failed to explain how. The district court was not required to sift through this material to see if, on its own, it could come up with something helpful to Mr. Wilson.
 
 
 10
 Accordingly, and for the reasons set forth by the district court in its memorandum opinion of January 5, 1990, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge for the Eastern District of Michigan, sitting by designation